

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,510-01

### EX PARTE TIMOTHY DARRELL JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR18-441A IN THE 235TH DISTRICT COURT FROM COOKE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of manufacture of a controlled substance and sentenced to fourteen years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel failed to timely file a notice of appeal, told Applicant he would go home on the same day he pleaded guilty, and failed to disclose information before Applicant pleaded guilty. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the

appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel[1] to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court shall also determine whether counsel's conduct before Applicant pleaded guilty was deficient and whether Applicant would have pleaded not guilty but for his alleged deficient conduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.

Filed: August 19, 2020
Do not publish